

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 547 | **DATE** | 12/30/2011 |
| **CASE TITLE** | Hale vs. City of Chicago et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion to waive or, in the alternative, for additional time to pay sanction [65] is granted in part. Plaintiff is ordered to pay the balance of the $250 sanction by January 31, 2012, or his case will be dismissed with prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

  Before the court is Plaintiff Gregory Hale's ("Hale") motion to reconsider and waive fine or allow additional time to pay the fine. For the following reasons, the motion is granted as to additional time.
  Hale is suing several Chicago police officers under 42 U.S.C. § 1983 for unlawful search and false arrest. He alleges Chicago police falsely arrested him in June 2008 and kept him locked up until false charges against him were *nolle pros'ed* in December 2008. Proceeding *pro se*, Hale initiated this lawsuit January 27, 2010. With repeated instructions from the district court, Hale was permitted to file three complaints. On March 18, 2011, the court admonished Hale of his obligations to comply with discovery. On May 11, 2011, the defendants sent written discovery to Hale's last known address, informed him responses were due in thirty days, and asked that Hale comply with Rule 26(a) initial disclosures. As of August 30, 2011, Hale had not complied with his obligation to provide written responses and initial disclosures.
  The defendants moved to dismiss for want of prosecution or, in the alternative, to compel discovery. The court denied the motion to dismiss but ordered Hale to comply with discovery obligations as well as to pay a $250 fine to the Clerk of the Court by September 30, 2011, or his case would be dismissed. Hale did not pay. On October 7, 2011, the court extended the deadline to pay the $250 sanction to November 28, 2011, renewing the threat of dismissal. Hale again did not pay. The defendants, in a December 9, 2011 status report, indicated that Hale's discovery obligations remained unmet in significant part. For his part, Hale, in his own December 9, 2011 status report, states that he has attempted in good faith to comply with his discovery obligations. Hale states that he has twice responded to written discovery, turned over more than sixty documents, and has in every other way complied with Rule 26 and Rule 33 "to the best of his knowledge and honesty." Hale further contends, in his own motion to compel discovery, that the defendants have been delinquent in their discovery obligations.
  The court does not reach the issue of discovery disputes but is concerned merely with a $250 sanction that has gone unpaid for over three months. The defendants, taking the court at its word, stated in their status report that they did not wish to incur further cost if the court was indeed going to dismiss the case for

## STATEMENT

nonpayment of the sanction. Hale concedes that, to date, he has paid only $60 of the $250 sanction. He asserts that he "made every attempt possible and know[n] to him to pay and comply." Hale asks the court to vacate the order, waive the fine, or allow him more time to pay the balance. (The caption of Hale's motion includes the words "reduce fine" but the body of the motion never mentions modification.) Because Hale offers no grounds for vacating or waiving the fine, the court orders Hale to pay the balance of the $250 sanction by January 31, 2012. Although failure to pay a sanction does not automatically justify dismissal, see Williams v. Adams, 660 F.3d 263, 265-66 (7th Cir. 2011), where as here a litigant offers no justification for nonpayment, provides no justification for a modification, but instead simply fails month after month to pay, dismissal with prejudice is warranted. Twice before the court has warned Hale that failure to pay would result in dismissal. This is the final warning.

    IT IS SO ORDERED.

FILED
2012 JAN -3 PM 3:00
CLERK
U.S. DISTRICT COURT